UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 18-058-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARK ADKINS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Mark Adkins pleaded guilty to distributing 50 grams or more of a mixture or substance containing methamphetamine. On July 15, 2019, he was sentenced to 224 months' of imprisonment, to be followed by five years of supervised release. [Record No. 48] His sentence was reduced to 201 months' imprisonment in August 2020. [Record No. 54]

Adkins, who is housed at Ashland FCI, has now filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 57] However, he has failed to demonstrate a compelling and extraordinary reason warranting release. Further, the factors under 18 U.S.C. § 3553(a) do not weigh in favor of a sentence reduction. Accordingly, the motion will be denied.

**I.**

Title 18 section 3582(c)(1)(A) provides that

the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed

- 1 -

the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

## A.    Extraordinary and Compelling Reasons

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).  Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(t).  Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.  However, the United States Court of Appeals for the Sixth Circuit recently concluded that § 1B1.13 is inapplicable to cases where an imprisoned person, as opposed to the Director of the Bureau of Prisons, files a motion for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020).  Accordingly, district courts have "full discretion . . .  to determine whether an extraordinary and compelling reason justifies compassionate release." *Id.*

Although the Court is not bound by the policy statement in U.S.S.G. § 1B1.13, it provides a useful guide for evaluating the defendant's motion for compassionate release.  As relevant here, the application notes to § 1B1.13 provide detailed criteria to determine whether a "medical condition of the defendant" constitutes an extraordinary and compelling reason for release.  This may occur under the guidelines when:

> (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . .  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ

---

[1]    The government does not assert that Adkins failed to exhaust administrative remedies.

disease, and advanced dementia.
 (ii)    The defendant is—
            (I)     suffering from a serious physical or medical condition,
            (II)    suffering from a serious functional or cognitive impairment, or
            (III)   experiencing deteriorating physical or mental health because of
                    the aging process,
that substantially diminishes the ability of the defendant to provide self-care
within the environment of a correctional facility and from which he or she is not
expected to recover.

These illustrations make clear that the Sentencing Commission believed a defendant's medical condition justifies release only when it is extremely serious and cannot be addressed adequately within the institution of confinement.

In support of his motion, the defendant reports that he suffers from hypertension, sleep apnea, obesity, and a hernia. Adkins contends that these conditions put him at an increased risk of severe illness associated with COVID-19, particularly in light of BOP officials' alleged failure to enforce social distancing. The Centers for Disease Control have reported that adults with obesity are at increased risk of severe illness from the virus that causes COVID-19. Further, adults who have hypertension *might* be at an increased risk for severe illness.[2]

Adkins has not provided any medical records or otherwise indicated the severity of his conditions. However, the United States has provided treatment records from the BOP indicating that his hypertension is managed with medications.[3] He was prescribed a C-PAP machine for his sleep apnea, which was described as stable in September 2019. The BOP also

---

[2]      CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, (updated Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]      In September 2020, Adkins' blood pressure was too low and his medications were adjusted. [*See* Record No. 62-3, p. 20]

treated the defendant's umbilical hernia conservatively by prescribing medications and an abdominal binder, as well as assigning him to a lower bunk and restricting his activity.

Thirty-two of FCI Ashland's 962 inmates are positive for COVID-19.[4]  This results in a positivity rate of 3.33 percent, which is significantly lower than that of the Commonwealth of Kentucky's (recent) overall positivity rate of 8.06 percent.[5]  To the extent Adkins claims that his hernia surgery has been postponed due to COVID-19, this situation is not unique to incarcerated individuals, as many elective surgeries have been postponed in light of the pandemic.[6]  While the Court does not doubt that the defendant's hernia causes him significant discomfort, there is no indication that it is a life-threatening or otherwise serious condition. Additionally, there is nothing to suggest that the defendant's surgery would be expedited if he were released.[7]

The Court is unpersuaded that Adkins' relatively-mild and well-controlled conditions constitute extraordinary and compelling reasons for release, even in light of COVID-19. Regardless, a sentence reduction is not justified under 18 U.S.C. § 3553(a).

---

[4]  Three hundred nine inmates at Ashland FCI have recovered from COVID-19 and five have died.  FEDERAL BUREAU OF PRISONS, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (Updated Dec. 23, 2020).

[5]  CABINET FOR HEALTH AND FAMILY SERVICES, *Ky COVID-19 Report 27DEC20*, https://chfs.ky.gov/agencies/dph/covid19/COVID19DailyReport.pdf (Updated Dec. 27, 2020).

[6]  MAYO CLINIC, *Facing Major Surgery in the COVID Era*, (Updated Aug. 22, 2020), https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/covid-19-surgery/art-20490340

[7]  Adkins reports that he would rely on Medicaid to pay for his medical treatment, but he does indicate that he has already applied and/or been approved for Medicaid benefits.  [Record No. 57, p. 5]

- 4 -

## B.     The § 3553(a) Factors

Even if a defendant demonstrates extraordinary and compelling circumstances warranting release, the Court must consider whether the factors enumerated under 18 U.S.C. § 3553(a) weigh in favor of reducing the defendant's sentence.  *See Jone*s, 980 F.3d at 1107-08.  These include the nature and circumstance of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to provide deterrence, and to protective the public from further crimes; and the need to avoid unwarranted sentencing disparities.  § 3353(a).

To begin, the defendant's crime of conviction is very serious.  Adkins sold 671.076 grams of methamphetamine to a confidential informant in Powell County, Kentucky.  Testing revealed that 568.2675 grams of the substance Adkins sold were pure methamphetamine. Accordingly, Adkins was responsible for distributing over 113,600 individual doses of this highly addictive controlled substance within the Eastern District of Kentucky.  *See* U.S.S.G. § 2D1.1, App. Note 9.

Next, the defendant's history and characteristics do not weigh in favor of a sentence reduction.  Adkins has a lengthy criminal history, including multiple convictions for serious controlled substance offenses.  He was convicted of possession with the intent to distribute methamphetamine in March 2005.  [Lexington Criminal Action No. 5: 05-CR-139-JBC] Another judge of this Court sentenced him to 34 months' of imprisonment, to be followed by three years of supervised release.  However, his term of supervised release was terminated early in February 2010.

Adkins indicted again in February 2013 for trafficking methamphetamine.  [Lexington Criminal Action No. 5: 13-CR-017-JMH]   He pleaded guilty to conspiring to distribute

methamphetamine and was sentenced to 262 months' imprisonment.  However, in September 2014, the United States filed an information involving the same underlying conduct. [Lexington Criminal Action No. 5: 14-CR-103-JMH]  Adkins pleaded guilty to the information and was sentenced to time-served Lexington Criminal Action No. 5: 13-CR-017, which was approximately 19 months' imprisonment.  Lexington Criminal Action No. 5: 13-CR-017 was dismissed upon entry of Judgment in Lexington Criminal Action No. 5: 14-CR-103.

The defendant's conduct demonstrates that a lengthy sentence is needed to deter future criminal activity.  Adkins repeatedly has been convicted of drug trafficking offenses in both state and federal court.  And the relatively lenient sentences imposed did little to deter him from engaging in further criminal conduct, as he reoffended each time.  Further, a substantial sentence also is warranted to deter others who may be inclined to engage in similar conduct. Additionally, a lengthy sentence protects the public from the defendant's drug trafficking activities.

Adkins' advisory guidelines range was 188 to 235 months' imprisonment.  His original sentence of 224 months fell comfortably within that range.  His sentence was later reduced to 201 months.  Adkins' projected release date is September 14, 2032, and he has served less than 20 percent of his sentence.  Releasing him at this point would significantly diminish the seriousness of his crime and undermine the need to avoid unwarranted sentencing disparities.

The defendant reports that he has earned his GED, taken various classes, and has applied for a non-residential drug abuse program.  He reports that he has a longstanding job with UNICOR and that he is committed to paying his restitution.  Further, he reports he has had no disciplinary infractions while imprisoned.  The Court commends the defendant with respect to these efforts.  However, rehabilitation alone is not sufficient basis for relief under §

3582(c)(1)(A). *Ruffin*, 978 F.3d at 1004. And when viewed in conjunction with the concerns discussed above, a sentence reduction is not appropriate.

**II.**

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 57] is **DENIED**.

Dated: December 29, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky